IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    $10,000.00 IN UNITED STATES CURRENCY;
2.    MISCELLANEOUS JEWELRY;
3.    $5,475.18 FROM BANK OF AMERICA ACCOUNT NO. 325086466699;
4.    $1,039.99 FROM AMERICAN EXPRESS BANK ACCOUNT NO. 320001377741; AND
5.    2017 FORD MUSTANG VIN: 1FA6P8CF3H5257534.

        Defendants.

---

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

_____

        COMES NOW the United States of America (the "United States"), by and through United States Attorney Robert C. Troyer and Assistant United States Attorney Tonya S. Andrews, and pursuant to 18 U.S.C. § 981(a)(1)(A) and (C), 18 U.S.C. § 981(b) and Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, states as follows:

### JURISDICTION AND VENUE

        1.    This Court has jurisdiction under 18 U.S.C. § 1343, and 18 U.S.C. §§ 1956 and 1957.

2.      Venue is proper under 28 U.S.C. § 1355(b), as the defendant assets were seized in the District of California.

## DEFENDANT ASSETS

3.      Defendant assets are more fully described as:

a.      $10,000.00 seized on February 16, 2017, voluntarily from Jeanette Delong at 19 Tiffany Place, Santa Rosa, California. ("defendant $10,000.00");

b.      Miscellaneous Jewelry seized on February 16, 2017, during the execution of a federal seizure warrant from Jeanette Delong at 19 Tiffany Place, Santa Rosa, California ("defendant Jewelry");

c.      $5,475.18 seized on February 15, 2017, during the execution of a federal seizure warrant from Bank of America, Account No. 325086466699 ("defendant Bank of America Account No. 6699");

d.      $1,039.99 seized on February 10, 2017, during the execution of a federal seizure warrant from American Express Bank, Salt Lake City, UT Account No. 320001377741 ("defendant American Express Bank Account No. 7741");

e.      2017 Ford Mustang seized on February 15, 2017, during the execution of a federal seizure warrant from Jeanette Delong at 19 Tiffany Place, Santa Rosa, California ("defendant Mustang");

Defendant Mustang is titled in the name of Jeanette Delong and is believed to be unencumbered.

All defendant assets, except defendant 2017 Ford Mustang at United States Marshals Service, Vacaville, California, are in the possession of the United States

Marshals Service and are located in Denver, Colorado.

## FACTUAL BASIS FOR FORFEITURE

4.      Except as otherwise noted, all of the following facts and information have been discovered through my own investigation and observations, and the observations and investigations of fellow law enforcement officers as reported to me.

## BACKGROUND

5.      On or about November 2016, FBI Denver Division was contacted by Debbie Muhlhauser, Vice President, Internal Audit Great-West Financial ("Great-West") with the referral of a matter involving allegations of fraudulent transfers from clients' 401K accounts from JP Morgan.

6.      Great-West serves as a record keeper for employer 401K plans.   Great-West acquired retirement accounts from JP Morgan (Acquired JP Morgan Plans") and has been in the process of transferring the Acquired JP Morgan Plans from JP Morgan to Great-West's system.   The majority of the plans impacted by the recent fraudulent activity are these Acquired JP Morgan Plans.   Through the transfer process to Great-West, pin numbers were sent to telephone numbers or emails on record for the plan participant.   The pin numbers allow participants to make changes to their account.

7.      Great-West provided a general explanation of how the unauthorized transfers were accomplished.   An individual plan participant establishes an account online.   The Great-West call center assists as needed when contacted by a plan participant.   The call center uses a four-part authentication process using biographical identifiers for the plan participant.   The plan participant is provided a distribution form

3

via either email or mail.   Once a plan participant has access to an account, information can be changed or updated and disbursements can be requested.   Based on Great-West's investigation, it appears that unauthorized individual(s) have been fraudulently using this process to obtain access to funds held in Empower Retirement Accounts for which Great-West was the plan sponsor.   These unauthorized individuals have caused funds to be transferred from those retirement accounts to other bank accounts without the consent or knowledge of the plan participant/account holder.

## INVESTIGATION OF JEANETTE DELONG

8.   One of the bank accounts identified by Great-West as a recipient of an unauthorized disbursement was JP Morgan Chase account in the name of Jeanette Delong ("Delong JP Morgan Account").

9.   The Delong JP Morgan Account was opened on December 15, 2015, by Jeanette Ann Delong.

10.   On November 2, 2016, the Delong JP Morgan Account received $307,821.13 from an Empower Retirement account in the name of C.G., a CSX employee.

11.   On November 9, 2016, the Delong JP Morgan Account received $456,000 from an Empower Retirement account in the name of C.G., a CSX employee.

12.   Between November 9, 2016 and November 10, 2016, Delong transferred $105,000 from the Delong JP Morgan Account into an American Express Personal Savings account.

13.   In addition, Delong wired funds to the following individuals/entitities:

| -   | 11/2/2016  | $95,500.00  | SGP Trading Inc |
| -   | 11/8/2016  | $57,750.00  | Ahmer R. Naqvi |
| -   | 11/10/2016 | $54,568.50  | Ahmer R. Naqvi |
| -   | 11/10/2016 | $52,000.00  | Saba M Inc. |
| -   | 11/10/2016 | $50,000.00  | Weststar Aviation |
| -   | 11/14/2016 | $100,000.00 | ZG International LLC |
| -   | 11/14/2016 | $50,000.00  | Mehrdad Hishmat Maryam Zare |

14.　On November 5, 2016, Delong also sent a cashier's check to Ahmer R. Naqvi in the amount of $65,000.

15.　On November 9, 2016, Delong wrote two checks from Delong JP Morgan Chase account to Freeman Lexus: one check in the amount of $29,000, with "2013 Jeep" written on the memo line; and one check in the amount $2,458 with "warranty 2013 Jeep" written on the memo line.

16.　According to the title history of the Jeep Grand Cherokee purchased by Delong, the Jeep is actually a 2014 model with VIN 1C4RJFBG2EC121491.

17.　On January 4, 2017, investigators interviewed Jeanette Delong ("Delong"), and Delong stated that she thought the funds wired to her account were proceeds from an investment opportunity she entered into in 2008 with Steven Thompson.

18.　Delong stated in 2008 when she lived in the Medford, Oregon area, she met investors through acquaintances at church.   She and five or six other individuals were presented with an opportunity to invest in a company involved in an oil project in Nigeria.

19.     Delong stated she invested $100,000 with an individual named Steven Thompson related to contracts he had in place between himself and the Nigerian National Petroleum Corporation ("NNPC").   Delong believes the total investment among everyone was approximately $400,000.00.

20.     Delong stated the investment was conveyed verbally and that she never executed a formal investment agreement.

21.     Delong stated she collected some of the funds from the other investors and sent those funds to Thompson via Western Union, Money Gram, or direct deposit to an account in Nairobi.

22.     Delong stated she told Thompson she just wanted her funds back, Thompson replied that he would send her funds and then Delong could distribute the funds.   Delong told Thompson she did not want the funds in her account because she did not want to pay taxes on it. Thompson told Delong he was sending the funds to her through a friend's account because he could not send it all directly.   Thompson told her the money has to go to some other people first.

23.     Delong stated she received three transfers to her account:

a.  $100,000.00;

b.  $200,000.00 approximately; and

c.  $456,000.00 received the last week of November or first week of December.

24.     Delong stated within the first week of receiving funds, she paid off bills approximately worth $20,000.00.

6

25.     Delong stated she also purchased a used 2013 Jeep Cherokee with the original $100,000.00 transfer without a trade-in.

26.     According to Delong, Thompson told Delong the funds were repayment from that investment and instructed Delong to wire funds to additional recipients.

27.     Delong insisted that she thought the funds she received were proceeds from an investment, but a review of Yahoo Messenger exchanges between Delong and Thompson indicate that she wanted payments structured in a way that would not trigger an investigation or look suspicious.   The following exchange occurred on November 7, 2016, between Delong and Thompson:

> Thompson: "Am gonna need you to make a cash deposit hun"
>
> Delong: "How much and who"
>
> Thompson: "10k"
>
> Delong:   "That is not a good idea. It should be 8k or less. 10k cash withdrawal or deposit with cash will trigger an investigation accordingly to my banker"
>
> Thompson: "Okay 8k then"
>
> Delong: "We don't need anything that will be looking suspicious or maybe we can just do 5k".

28.     On January 14, 2017, investigators informed Mrs. Delong during the initial interview, that she was not to send any additional transactions to Steven Thompson on Steven Thompson's behalf, and she was not do anything with the Jeep.

29.     On February 15, 2017, Mrs. Delong had no rebuttal when questioned about the transactions that occurred after the initial interview on January 14, 2017; these transactions included transfers of money via her BOA savings account #9695 and

her trade-in of the Jeep to obtain a 2017 Ford Mustang.

**Defendant $10,000.00 in United States currency and Miscellaneous Jewelry**

30.     On February 16, 2017, investigators received a call from Mrs. Delong, stating she wanted to willingly turn over $10,000.00 and several items that were obtained using fraudulent funds.

31.     On February 16, 2017, investigators arrived at Jeanette Delong's business located adjacent to her home at 19 Tiffany Place, Santa Rosa, California to seize the following assets:

   a.   2017 Ford Mustang Title

   b.   Santa Rosa Village Mobile Home Park Check Image

   c.   $10,000.00 in United States currency

   d.   Manilla Envelope containing assorted financial documentation

   e.   Lazboy receipt Astor PWRX in the amount of $2,030.28

   f.   Assorted women's jewelry

**Bank of America Account #325086466699, held in the name of Jeanette Delong**

32.     On January 3, 2016, Jeanette Delong opened Bank of America account # 6699.   Jeanette and Bill Ralph Delong are the signors on the account.

33.     On January 3, 2017, Delong transferred $10,000.00 from Bank of America account # 9695 to Bank of America account # 6699.

34.     On January 12, 2017, Delong transferred an additional $10,000.00 from Bank of America account #9695 to Bank of America account # 6699.

35.     Prior to these transfers, Delong's Bank of America account #9695 had received $80,000.00 in transfers from Delong's American Express high yield savings account #7741, which constituted fraudulent funds traceable from an Empower Retirement account.

36.     On February 15, 2017, the United States seized $5,475.18 from Bank of America Account #6699.

**American Express Account # 320001377741, held in the name of Jeanette Delong**

37.     Delong opened the American Express High Yield Savings Account online, and her name is the only name listed on the account.

38.     In November 2016, she transferred $105,000.00 of the funds received into Delong JP Morgan Chase account to the American Express High Yield Savings Account #7741.

39.     As discussed above, the Delong JP Morgan Chase account had received $763,821.13 in Empower Retirement Funds from Great West Financial.

40.     On February 10, 2017, the United States seized $1,039.99 from American Express Bank Account #7741.

**2017 Ford Mustang**

41.     On November 8, 2016, Delong wrote a check from JPMorgan Chase, account # 789061137 in the amount of $29,000.00 to Freeman Lexus for the purchase of a Jeep.

42.     A query of the California Department of Motor Vehicles identifies the 2014 Jeep, as registered to Jeanette Ann Delong and Billie Ralph Delong, residing at 19

Tiffany Place, Santa Rosa, California 95409.

43.     On December 16, 2016, Jeanette Delong traded in this 2014 Jeep Cherokee for a 2017 Ford Mustang, VIN # 1FA6P8CF3H5257534 at Hansel Ford, located at 3075 Corby Avenue, Santa Rosa, California 95407.   The purchase agreement shows that she was given a trade-in value of $24,500.00 for the 2014 Jeep and paid an additional $9,000.00 cash to purchase the 2017 Ford Mustang in full.

44.     During the January 4, 2017, interview, Delong told agents that she purchased a Jeep Grand Cherokee using $20,000.00 that she considered to be a return of her investment with Thompson.   Delong further stated that she purchased the Jeep Grand Cherokee without a trade-in.   Funds used to purchase the vehicle are stolen from Great-West financial and constitute proceeds from unlawful activity.

## WAGES

45.     A nationwide search of the Department of Labor records revealed that Jeanette Delong has a reported income of $20,100.00 for 2016.

## CONCLUSION

46.     From approximately November 2016 through February 2017, the evidence indicates that Jeanette Delong operated a scheme, by which she obtained proceeds derived from retirement accounts held at Denver based Great-West Financial in violations of wire fraud and money laundering.   The evidence further indicates that the fraudulent proceeds were used to fund the defendant bank accounts and to purchase other defendant assets as described above.

## VERIFICATION OF SARAH ANDERSON
## SPECIAL AGENT, FEDERAL BUREAU OF INVESTIGATION

I, Sarah Anderson, hereby state and aver under the pains and penalties of

perjury that I have read the foregoing Factual Basis for Forfeiture and that the facts and

information contained therein are true.

_Sarah Anderson_
Sarah Anderson
FBI-Special Agent

STATE OF COLORADO        )
CITY AND                 ) ss
COUNTY OF DENVER         )

The foregoing was acknowledged before me this ___9th___ day of August, 2017 by

Sarah Anderson, Special Agent, Federal Bureau of Investigation.

JANESSA L. BOTELER
NOTARY PUBLIC
STATE OF COLORADO
NOTARY ID 39184918354
MY COMMISSION EXPIRES MAY 15, 2019

_Janessa L. Boteler_
Notary Public – Colorado
My Commission Expires: _5-15-2019_

## FIRST CLAIM FOR RELIEF

47.    The Plaintiff repeats and incorporates by reference each of the

paragraphs above.

48.    By the foregoing and other acts, $10,000.00 seized from defendant

Jeanette Delong constitutes or was derived from proceeds traceable to violations of wire

fraud in violation of 18 U.S.C. § 1343 and is, therefore, forfeitable pursuant to 18 U.S.C.

§§ 981(a)(1)(c) and 984.

## SECOND CLAIM FOR RELIEF

49.     The Plaintiff repeats and incorporates by reference each of the paragraphs above.

50.     By the foregoing and other acts, $5,475.18 seized from defendant Bank of America Account No. 6699 constitutes or was derived from proceeds traceable to violations of wire fraud in violation of 18 U.S.C. § 1343 and is, therefore, forfeitable pursuant to 18 U.S.C. §§ 981(a)(1)(c) and 984.

## THIRD CLAIM FOR RELIEF

51.     The Plaintiff repeats and incorporates by reference each of the paragraphs above.

52.     By the foregoing and other acts, $1,039.99 seized from defendant American Express Bank Account No. 7741 constitutes or was derived from proceeds traceable to violations of wire fraud in violation of 18 U.S.C. § 1343, and is, therefore, forfeitable pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 984.

## FOURTH CLAIM FOR RELIEF

53.     The Plaintiff repeats and incorporates by reference each of the paragraphs above.

54.     By the foregoing and other acts, defendant 2017 Ford Mustang constitutes or was derived from proceeds traceable to violations of wire fraud in violation of 18 U.S.C. § 1343, money laundering in violation of 18 U.S.C. 1956, monetary transactions in property derived from specified unlawful activity in violation of 18 U.S.C. 1957 and is, therefore, forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 981(b).

## FIFTH CLAIM FOR RELIEF

55.     The Plaintiff repeats and incorporates by reference each of the paragraphs above.

56.     By the foregoing and other acts, defendant Miscellaneous Jewelry constitutes or was derived from proceeds traceable to violations of wire fraud in violation of 18 U.S.C. § 1343, money laundering in violation of 18 U.S.C. 1956, money transactions in property derived from specified unlawful activity in violation of 18 U.S.C. 1957 and is, therefore, forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 981(b).

WHEREFORE, the United States prays for entry of a final order of forfeiture for the defendant assets in favor of the United States, that the United States be authorized to dispose of the defendant assets in accordance with law, and that the Court enter a finding of probable cause for the seizure of the defendant assets and issue a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

DATED this 9th day of August, 2017.

Respectfully submitted,

ROBERT C. TROYER
Acting United States Attorney

By: *s/Tonya S. Andrews*
Tonya S. Andrews
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
(303) 454-0100
tonya.andrews@usdoj.gov
*Attorney for the United States*

13